## CIRCUIT COURT OF FAIRFAX COUNTY

Peter John Roskopf, Jr.

v.

Commonwealth of Virginia

December 11, 2006

Case No. (Law) 2006-1900

BY JUDGE R. TERRENCE NEY

This matter came before the Court on Complainant's Peter John Roskopf's Complaint for Declaratory Judgment to set aside a DUI conviction. After presentation of evidence and oral argument, the Court took the matter under advisement.

*Facts*

On January 20, 2000, Roskopf pleaded guilty, in the Fairfax County General District Court, to violating Fairfax County Ordinance 82-1-6, which prohibits the operation of a motor vehicle while having a blood alcohol concentration of .08 percent or more. Complainant's Complaint for Declaratory Judgment, Ex 1.

Roskopf alleges that the prior conviction is void because the ordinance on which the conviction was based was void. The basis for his contention is that the ordinance was not adopted by a roll call vote of the Board of Supervisors. Complainant's Complaint for Declaratory Judgment, ¶¶ 2, 6. Roskopf requests that this Court set aside the January 20, 2000, conviction.

*Analysis*

Two issues are presented for decision. First, given the fact that more than six years have elapsed since the date of conviction, does this Court have jurisdiction to set it aside? Second, if so, should his conviction in fact be set aside as void because it resulted from a violation of an allegedly void ordinance?

In *Slaughter v. Commonwealth*, the Virginia Supreme Court addressed the issue of jurisdiction in setting aside a prior conviction. *Slaughter v. Commonwealth*, 222 Va. 787, 284 S.E.2d 824 (1981). Richard Slaughter was convicted of operating a motor vehicle after having been adjudged a habitual offender. *Id.* at 789, 825. Although the Department of Motor Vehicles records contained a Virginia address, Slaughter was served with process at an address in Tennessee. *Id.* at 789, 791, 825-26. Slaughter, who did not appear at the hearing, was adjudged a habitual offender. *Id.* at 790, 825.

Slaughter claimed the "habitual offender adjudication was void for want of jurisdiction." *Id.* at 789, 825. Although the Attorney General argued that Slaughter "does not have the right to collaterally attack the adjudication order," the Court held "that if a judgment is void, it may be assailed anywhere, at any time, in any way, by anybody." *Id.* at 793, 827 (quoting *Beck v. Semones' Adm'r*, 145 Va. 429, 441, 134 S.E. 677, 680 (1926)). The Court further held that "it [was] immaterial that the order was not attacked by direct appeal or by a bill in equity." *Id.* at 792-93, 827. Thus, here, if the ordinance is invalid, the conviction based on it would be void, and the Court has jurisdiction to determine whether to set aside Roskopf's prior conviction.

The second issue is whether Roskopf's prior conviction for DUI should in fact be set aside. Roskopf argues that Fairfax County Code Ordinance 82-1-6 was invalid as it was not adopted "by a roll call vote of the Board of Supervisors." Pl. Amended Comp. ¶ 6. Article VII, Section 7, of the Constitution of Virginia states, "No ordinance ... shall be passed except by a recorded affirmative vote of a majority of all member elected to the governing body. The name of each member voting and how he voted shall be recorded." Va. Const. art VII, § 7. A videotape of the Board of Supervisors shows a voice vote of the supervisors present responding affirmatively. A separate roll call by individual, however, was not taken. The official June 28, 1999, Fairfax County Record, the Board Summary, however, identifies by name the six members who voted in favor of Ordinance 82-1-6. Fairfax County Record, Board Summary, 49, ¶ 111 (June 28, 1999). Supervisors Bulova, Connolly, Gross, Hyland, Kauffman, and Chairman Hanley all voted "Aye," while supervisors Dix, Frey, McConnell, and Mendelsohn were shown on the

Record as out of the room. *Id.* Because the official record clearly shows a recorded affirmative vote of a majority of all elected members and lists the name of each member voting and his or her vote, the Court finds that this written record, which is the official record of the Board of Supervisors' action, fully satisfies Article VII, Section 7, of the Constitution of Virginia. Thus, Ordinance 82-1-6 was validly enacted. As a result, the conviction of Mr. Roskopf based on a violation of it, is valid also.

In sum, this Court has jurisdiction to address the validity of an allegedly void order. However, because the recording of the votes satisfies Article VII, Section 7, of the Virginia Constitution, Ordinance 82-1-6 is valid and Roskopf's prior conviction must stand.

For these reasons, the Complaint for Declaratory Judgment is denied.